IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19CV00141-WO-LPA

| | |
|---|---|
| MR. DEE'S INC. and RETAIL MARKETING SERVICES, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| INMAR, INC., CAROLINA MANUFACTURER'S SERVICES, CAROLINA SERVICES, and CAROLINA COUPON CLEARING, INC. | ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

No. 1:19CV00141-WO-LPA

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiffs' Motion to Amend should be granted because Plaintiffs have complied with the deadline to add parties, Plaintiffs have not unduly delayed filing their Motion to Amend, and Defendants would not be prejudiced by amendment.

**I. ARGUMENT**

**A. Defendants Agreed to a Deadline to Add New Parties, Which the Court Incorporated into Its Scheduling Order**

Plaintiffs' filed their Motion on December 2, 2019—the deadline to add new parties. *See* ECF No. 128 at 1 (Amended Joint Rule 26(f) Report). Importantly, Defendants agreed to this deadline, and the Court accepted it by adopting the Amended Joint

Rule 26(f) Report. *See* Order (June 14, 2019) (adopting amended schedule).

Defendants do not cite any case denying a motion to amend to add a party that complied with the scheduling order's deadline for addition of parties. Rather, this Court has routinely granted such motions to amend. *See, e.g.*, *Shoaf v. Thomasville City Sch.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 107755, at *4 (M.D.N.C. June 27, 2019); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09-cv-471, 2013 U.S. Dist. LEXIS 171561, at *4 (M.D.N.C. Dec. 4, 2013) ("Given the attention the parties have given this case to date, they certainly anticipated that an amendment to a pleading might be filed on the last day of the amendment period."); *Ada Liss Grp. v. Sara Lee Branded Apparel*, No. 1:06CV610, 2007 U.S. Dist. LEXIS 13497, at *3-4 (M.D.N.C. Feb. 26, 2007). Because Defendants agreed to the deadline to add parties, the Court adopted it, and Plaintiffs complied with it, the Court should grant Plaintiffs' Motion.

**B. Plaintiffs Have Satisfied Rule 15(a) and Local Rule 7.3(j)**

Plaintiffs' Motion also complies with Federal Rule of Civil Procedure 15(a) and Local Rule 7.3(j), as Plaintiffs have stated good cause to amend; they seek to amend for proper reasons; and Defendants would not be prejudiced by amendment.

### a. Plaintiffs Have Stated Good Cause to Amend

Contrary to Defendants' contention, Plaintiffs have stated good cause for amendment under Local Rule 7.3(j). *See* Pls.' Mem. at 3–10 (ECF No. 136) (explaining that the amendment satisfies the standard for amendment set out in Rule 15(a) and comports with the parties' stipulated deadline to add parties). Plaintiffs seek amendment because Olean no longer wished to be part of the case, while Connecticut Food Association wanted to take Olean's place as a named plaintiff. Amending to add Connecticut Food Association as a named plaintiff in this existing action would be more efficient for the Court and the parties than forcing it to file a new, separate action. Courts in the Fourth Circuit have found good cause for motions to amend to substitute named plaintiffs. *See, e.g.*, *Hill v. B. Frank Joy, LLC*, No. TDC-15-1120, 2016 U.S. Dist. LEXIS 104528, at *20 (D. Md. Aug. 9, 2016) (permitting amendment to substitute new named plaintiff).

Under these circumstances, this Court has granted motions to amend over a Rule 7.3(j) objection. *See, e.g.*, *Dominion Healthcare Servs. v. Value Options, Inc.*, No. 1:08CV134, 2009 U.S. Dist. LEXIS 17719, at *9 (M.D.N.C. Mar. 5, 2009) (holding that plaintiff complied with Rule 7.3(j) because plaintiff's reasons for amendment "are not per se deficient, unacceptable or inappropriate

3

reasons for amending a complaint, and therefore state a good cause for amendment").

Defendants cite a single inapposite case for the proposition that a motion to amend must be denied if the motion speaks only to the "consequences of, not the reasons for, the amendment." *Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 3d 618 (M.D.N.C. 2005). But in *Googerdy*, the plaintiff made only summary arguments for amendment without reference to applicable case law, or even a basic explanation of how amendment would comply with Rule 15. *See* ECF Nos. 15, 16, *Googerdy v. N.C. Agric. & Tech. State Univ.*, No. 1:04CV00212 (M.D.N.C. May 17, 2004). Plaintiffs' Motion, by contrast, offers detailed arguments why amendment would comply with Rule 15 and its liberal policy of allowing amendment. *See* Pls.' Mem. at 3–10 (ECF No. 36); Pls.' Reply Mem.

### b. Plaintiffs Have Not Unduly Delayed Amending

Plaintiffs were diligent in moving to amend, as they filed their proposed amendment less than two months after they learned that Olean sought to be removed as a named Plaintiff, and that Plaintiff Connecticut Food Association wished to be added as a named plaintiff. *See* ECF No. 135 (dismissing Olean as a named Plaintiff on December 2, 2019). And Plaintiffs sought consent for the amendment from Defendants even earlier, on November 20, 2019. Such a minimal delay does not constitute "undue delay." *See Falls*

4

*v. Goldman Sachs Tr. Co.*, No. 5:16-CV-740-FL, 2017 U.S. Dist. LEXIS 207007, at *31 (E.D.N.C. Dec. 18, 2017) (holding that plaintiff's delay of five months after learning of basis for amendment did not constitute undue delay).

Defendants suggest that delay should be measured from the time Plaintiffs filed suit or from the time of the Second Amended Complaint. But undue delay is instead measured by whether Plaintiffs have moved to amend "as soon as the necessity for altering a pleading bec[ame] apparent." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quoting 6 Wright & Miller, *Federal Practice & Procedure* § 1488 (1971)). Moreover, a stay was in effect from November 3, 2008, until April 5, 2019, and Plaintiffs were prohibited from filing an amended complaint during that time. *See* ECF No. 72 (order granting stay); ECF No. 122 (order lifting stay). And after the stay was lifted, on June 11, 2019, Defendant stipulated to a deadline of December 2, 2019 for the addition of parties, at least implicitly recognizing that an amendment to add parties filed by that date would not be unduly delayed. ECF No. 128 (June 11, 2019 Rule 26(f) report containing agreed deadline to add parties).

Further, "it is clear that delay is a secondary consideration, in that it cannot block an amendment which does not prejudice the

5

opposing party." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990) (citing 6 C. Wright & A. Miller § 1488).

### c. Defendants Will Not Be Prejudiced by the Proposed Amendment

"A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation." *Levy v. Wexford Med. Sources, Inc.*, Civ. No. TDC-14-3678, 2017 U.S. Dist. LEXIS 126694, at *18 (D. Md. Aug. 9, 2017) (citing *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

Here, Plaintiffs' amendment is not prejudicial for two reasons. First, the amendment comports with the scheduling order and is not "belated," and therefore not prejudicial. *Id.*

Second, amendment would not "change the nature of the litigation." *Id.* Defendants point out that amendment would require them to undertake discovery of the new plaintiff. But because of the stay, this case is still early in the discovery process. Discovery is "at best, in initial stages." *Campbell Alliance Grp., Inc. v. Dandekar*, No. 5:13-CV-00415, 2013 U.S. Dist. LEXIS 197057, at *7 (E.D.N.C. Dec. 21, 2013) (finding amendment not prejudicial when motion filed before deadline and plaintiff sought to add new defendant); *see also Rhodes, Inc v. Morrow*, at *8 (M.D.N.C. Jan. 31, 1997) (granting motion to amend when "discovery has been reopened and is currently on-going," and "any new discovery

6

required by Plaintiff's amendment surely causes no great prejudice to Defendants"). Plaintiffs are still waiting to receive a host of documents from Defendants; the parties are still collecting documents; and no depositions or expert testimony has been taken.

Taking discovery of Connecticut Foods Association instead of Olean will require only minimal additional effort. And such discovery can easily be taken before the Defendants' next deadline in this case: their May 1, 2020 deadline to oppose class certification under the current scheduling order, ECF No. 128 (which Plaintiffs have moved to extend for wholly unrelated reasons, *see* ECF No. 139).

Thus, amendment would not "change the nature of the litigation," and Defendants will not be prejudiced. *Levy*, 2017 U.S. Dist. LEXIS 126694, at *18; *see also* Pls.' Mem. at 7 (ECF No. 136) (collecting cases).

## II. CONCLUSION

Because Plaintiffs have timely moved, they have not unduly delayed, and amendment would not cause prejudice, Plaintiffs' Motion should be granted.

7

Dated: January 6, 2020       KOTCHEN & LOW LLP

/s/ Daniel L. Low
Daniel A. Kotchen
D.C. Bar No. 473496
Daniel L. Low
D.C. Bar No. 480910
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
(202) 471-1995 (Tel.)
dkotchen@kotchen.com
dlow@kotchen.com

BROOKS PIERCE MCLENDON
HUMPHREY & LEONARD LLP

/s/ Kearns Davis
Kearns Davis
N.C. State Bar No. 22014
kdavis@brookspierce.com
Matthew B. Tynan
N.C. State Bar No. 47181
mtynan@brookspierce.com

*ATTORNEYS FOR PLAINTIFFS*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, the foregoing the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to all counsel of record so registered for this case.


Dated: January 6, 2020                    /s/ Daniel Low