**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| MR. DEE'S INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19cv141 |
| | ) | |
| INMAR, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' "Motion to Seal Coupon Valuation Chart" (Docket Entry 207 (the "Sealing Motion")). For the reasons that follow, the Court will grant the Sealing Motion.

## INTRODUCTION

Defendants seek to redact an exhibit (Docket Entry 208 (the "Coupon Valuation Chart")) that Plaintiffs filed in connection with their briefing on three motions: (1) Plaintiffs' motion (i) to postpone certain deadlines, (ii) to compel Defendants to produce particular data, and (iii) for a status conference (Docket Entry 166 (the "Discovery Motion")); (2) Plaintiffs' motion for class certification (Docket Entry 150 (the "Certification Motion")); and (3) Defendants' motion to exclude one of Plaintiffs' experts (Docket Entry 160 (the "Expert Motion")). (See Docket Entry 207 at 1-2.) More specifically, Plaintiffs first attached a redacted version of the Coupon Valuation Chart as an exhibit (Docket Entry 167-10) to Plaintiffs' memorandum (Docket Entry 167 (the "Discovery Memorandum")) in support of the Discovery Motion. (See Docket

Entry 207 at 2.) Next, during briefing on the Certification Motion, Plaintiffs filed an identical version of the Coupon Valuation Chart (Docket Entry 172-2) along with their reply (Docket Entry 172 (the "Certification Reply")). (See Docket Entry 207 at 2.) Finally, in opposing the Expert Motion, Plaintiffs tendered another copy of the Coupon Valuation Chart (Docket Entry 175-12) as an exhibit to their response (Docket Entry 175) (the "Expert Response")). (See Docket Entry 207 at 2.) The Sealing Motion seeks to redact the foregoing copies of the Coupon Valuation Chart, as well as portions of the Discovery Memorandum, Certification Reply, and Expert Response that include excerpts from the Coupon Valuation Chart. (See id. (citing Docket Entry 167 at 18, Docket Entry 172 at 3, and Docket Entry 175 at 19).)[1]

## DISCUSSION

### I. Relevant Standards

Under Federal Rule of Civil Procedure 26 ("Rule 26"), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 provides for "[l]iberal discovery . . . for the sole purpose of assisting in the

---

[1] Page two of the Sealing Motion appears to contain two typographical errors in the parenthetical citation to the Coupon Valuation Chart. Information from the Coupon Valuation Chart appears at internal page seven of the Certification Reply and internal page 23 of the Expert Response. (See Docket Entry 172 at 7; Docket Entry 175 at 23.)

-2-

preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The liberal scope of discovery necessitates that the Court "have the authority to issue protective orders conferred by Rule 26(c)." Id. Such an order may "limit[] the scope of disclosure or discovery" or require the sealing of certain materials. Fed. R. Civ. P. 26(c).

"However, the authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access to judicial records." Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV918, 2010 WL 1418312, at *7 (M.D.N.C. Apr. 2, 2010).[2] "[T]wo independent sources" provide the public with such a right: "the common law and the First Amendment." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "[Whereas] the common[-]law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)); see also United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) ("Some . . . documents fall within the common[-]law presumption of

_____

[2] "This constraint arises because '[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern.'" Kinetic Concepts, Inc., 2010 WL 1418312, at *7 (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).

-3-

access, while others are subject to the greater right of access provided by the First Amendment.").

One or both of those rights of access may apply to discovery materials (even when subject to a Rule 26(c) protective order) if such materials "constitute 'judicial documents and records.'" Kinetic Concepts, Inc., 2010 WL 1418312, at *7 (quoting Stone, 855 F.2d at 180). Importantly, that designation requires more than "the mere filing of a document with a court." Spear v. Ernst & Young (In re Policy Mgmt. Sys. Corp.), Nos. 94-2254, 2341, 67 F.3d 296 (table), 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished). To qualify as judicial records, documents must "play a role in the adjudicative process, or adjudicate substantive rights." United States v. Appelbaum (In re United States), 707 F.3d 283, 290 (4th Cir. 2013); see also Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 576 (E.D. Va. 2009) (discussing public right of access to "materials that have been submitted to courts in connection with civil pleadings or motions (dispositive or otherwise) or entered by courts into evidence in the course of hearings or trial, whatever the materials' origins or pre-trial confidentiality status might previously have been"). When no public right of access applies, Rule 26(c)'s "good cause" standard governs the request to seal or redact discovery material. See Hatch v. Demayo, No. 1:16cv925, 2020 WL 6161533, at *6 (M.D.N.C. Oct. 21, 2020). Under that standard, "[t]he court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense."
Fed. R. Civ. P. 26(c).

When a party proposes to seal judicial records to which a public right of access applies, the Court begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police, 386 F.3d at 576 (internal quotation marks omitted). "[The common-law] presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). The relevant factors include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Under the more stringent First Amendment standard, the Court may seal material "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Stone, 855 F.2d at 180.

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." Virginia Dep't of State Police, 386 F.3d at 576. Next, "it must consider less drastic

-5-

alternatives to sealing." Id. Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id. Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." Id.

The legal framework described above applies to requests by a party to file a redacted document, i.e., a document sealed in part. See Moussaoui, 65 F. App'x at 889 ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Wolfe v. Green, Civ. Action No. 2:08–1023, 2010 WL 5175165, at *2–3 (S.D.W. Va. Dec. 15, 2010) (granting parties' joint motion to redact filings and holding that parties made necessary showing to address both common-law and first-amendment rights of access); Bethesda Softworks, LLC v. Interplay Entm't Corp., Civ. Action No. 09-2357, 2010 WL 3781660, at *9–10 (D. Md. Sept. 23, 2010) (treating motion to redact transcript as motion to seal). "The interest of the public in the flow of information is protected by [the Court's] exercis[e of] independent judgment concerning redactions." Moussaoui, 65 F. App'x at 888 (citing United States v. Pelton, 696 F. Supp. 156, 159 n. 2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary")).

-6-

## II. Analysis

According to the Sealing Motion, the Coupon Valuation Chart constitutes a judicial record such that the public possesses a common-law right of access. (Docket Entry 207 at 2.) Applying that standard, the Sealing Motion contends that countervailing interests favoring non-disclosure outweigh the public's interest in access to the Coupon Valuation Chart. (See id. at 2-5.) In particular, the Sealing Motion asserts that the proposed redactions would "protect the non-public financial information of private companies operating in a small, consolidated industry." (Id. at 3.) The Sealing Motion explains that "the Coupon Valuation Chart reflects [one Defendant's] attempt to quantify the value of two initiatives commenced in the late 1990s and early 2000s." (Id.) Pages two through four of the Coupon Valuation Chart reflect those findings in graphical and tabular form. (See Docket Entry 208.) The Sealing Motion proposes to redact the tabular data from those pages, in addition to all substantive material on "[p]ages [five] through [ten] of the [Coupon Valuation Chart, which] show data concerning . . . historical processing volumes, revenues, fees, and expenses, including allocation of certain charges[.]" (Docket Entry 207 at 3.) In addition, the Sealing Motion proposes to redact the tabular information from pages 11 through 13, which "show[s] trends in pre-tax income" in graphical and tabular form. (See id.)[3] To explain the need for redactions, the Sealing Motion

_____

[3] Although the Sealing Motion references "[p]ages 11 through
(continued...)

-7-

contends that disclosure could cause competitive harm and "reduc[e] one Defendant's] bargaining power." (Id. at 3-4.) The Sealing Motion further argues that disclosure "would not shed any light on an issue of historical significance" and that "the public has not traditionally had access to the information that Defendants propose to seal." (Id. at 4.)

The Court evaluates the proposed redactions to the Coupon Valuation Chart under the common-law standard because, as noted by Defendants, exhibits accompanying the Certification Reply and the Expert Response constitute judicial records subject to the common-law right of access. (See id. at 2 (citing Hatch v. Demayo, No. 1:16CV925, 2020 WL 1676953, at *2 (M.D.N.C. Apr. 6, 2020) (applying common-law sealing standard to exhibit "filed in connection with a motion for class certification"), and Lord Corp. v. S & B Tech. Prods., Inc., No. 5:09-CV-205, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (same, as to document filed in connection with motion in limine)).) To the extent the less stringent Rule 26 standard may apply to exhibits associated with the Discovery Memorandum (to include the Coupon Valuation Chart), the Court declines to engage in the Rule 26 analysis. Assuming the bases in the Sealing Motion sufficed under Rule 26 but not the common law, that determination would result in the disclosure of the Coupon Valuation Chart elsewhere on the record and moot the sealing issue. In any event,

---

[3](...continued)
**16**" (Docket Entry 207 at 3 (emphasis added)), the Coupon Valuation Chart consists of only 13 pages. (See, e.g., Docket Entry 167-10.)

because the Court hereafter concludes that the Sealing Motion's justifications pass muster under the common-law standard, such justifications necessarily satisfy Rule 26.

Turning to the procedural questions, all parties and the public have possessed access to the Sealing Motion since February 4, 2021. (See Docket Entry 207.) No party or member of the public has filed anything in the intervening time period. (See Docket Entries dated Feb. 4, 2021, to present). Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge [it]," Virginia Dep't of State Police, 386 F.3d at 576.

As far as substance, Defendants have offered a rationale that satisfies the common-law standard. The Supreme Court has acknowledged that court files should not "serve . . . as sources of business information that might harm a litigant's competitive standing" and that the interest in preventing such misuse may overcome "the common-law right of inspection." Nixon, 435 U.S. at 598. The Fourth Circuit likewise has recognized limits on the common-law "right of access to court records," noting that "unfairly gaining a business advantage" falls outside the proper use of such records. In re Knight Pub. Co., 743 F.2d at 235. Even when the first-amendment right of access applies, this Court (per United States District Judge Catherine C. Eagles) previously has granted motions to seal "confidential marketing and sales information," the disclosure of which would have harmed "[t]he

-9-

competitive and financial interest[s] of the parties." Bayer CropScience, Inc. v. Syngenta Crop Prot., LLC, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013). Here, because Defendants' proposed redactions likewise concern sensitive business information, the countervailing interest in preventing misuse of such information overrides the common-law right of access to the redacted portions of the Coupon Valuation Chart. No less drastic alternative to almost complete redaction of that document would suffice, as it contains little other than information that warrants protection from disclosure.

The above justification applies to the whole of the Coupon Valuation Chart, regardless of whether the information appears in graphical or tabular form. However, despite earlier requests to seal the Coupon Valuation Chart in its entirety (see, e.g., Docket Entry 183 at 3), the Sealing Motion now proposes redactions that would allow the public to retain access to the graphical, but not tabular, information (see Docket Entry 208). Such distinction derives not from the interests Defendants have sought to protect but perhaps from their application of the common-law standard (which considers "whether the public has already had access to the information contained in the records," In re Knight Publ'g Co., 743 F.2d at 235), as well as from the Court's observation, in connection with earlier sealing motions, that "a redacted (not entirely sealed) version of Defendants' Coupon Valuation Chart has appeared on the public docket since September 28, 2020" (Docket

Entry 199 at 13 n.9 (referencing Docket Entry 167-10)).[4]  Although several months of public access undermine, to some extent, the strength of Defendants' interest in non-disclosure, the Court declines to authorize redactions that only partially protect an interest the Court has deemed sufficient under the common-law standard.  Accordingly, the Court will construe the Sealing Motion to request redaction of the sensitive business information wherever it appears in the Coupon Valuation Chart, in both graphical and tabular form.

## CONCLUSION

Under the circumstances, the interest in protecting confidential business information outweighs the common-law right of access to such information in the Coupon Valuation Chart.

**IT IS THEREFORE ORDERED** that the Sealing Motion (Docket Entry 207) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall strike Docket Entries 167, 167-10, 172-2, 175, and 175-12. Plaintiffs shall refile those documents, redacting the Coupon Valuation Chart (and the briefs excerpting that document) in a form consistent with this Order's conclusions.

                          /s/ L. Patrick Auld
                        **L. Patrick Auld**
                **United States Magistrate Judge**

March 4, 2021

---

[4]  Plaintiffs previously filed three copies of the Coupon Valuation Chart without redacting the graphical information. (See, e.g., Docket Entry 167-10 at 2-4, 11-13.)