# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MR. DEE'S INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19cv141 |
| | ) | |
| INMAR, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Plaintiffs' Motion to Seal Exhibits" (Docket Entry 222) (the "Sealing Motion"). For the reasons that follow, the Court will grant in part and deny in part the Sealing Motion.

## BACKGROUND

Plaintiffs previously filed four motions to seal (Docket Entries 171, 173, 176, 181) (the "Old Sealing Motions") concerning various exhibits filed in connection with three motions. After identifying several deficiencies with the Old Sealing Motions and associated briefing, the Court (per the undersigned United States Magistrate Judge) granted the Old Sealing Motions as to two exhibits (Docket Entries 179-3 ("Carolina Services Report"), 179-5 ("Dr. Grace's Rebuttal Expert Report")). (Docket Entry 199 (the "Sealing Order") at 1–4, 8–12, 16–18.) As relevant here, although Plaintiffs had moved to seal the Carolina Services Report in its entirety, Defendants (as the parties asserting confidentiality) filed a brief requesting more limited redactions, the latter of which the Court granted in the Sealing Order. (Id. at 12 n.8,

16–18.)  Because of the dissonance between the respective requests by Plaintiffs and Defendants, the Court ordered Plaintiffs to "refile . . . the Carolina Services Report in a form consistent with Defendants' redactions and th[e Sealing] Order's conclusions." (Id. at 18.)  Plaintiffs complied the following day.  (See Docket Entry 205-3.)

Approximately four months later, Plaintiffs filed the Sealing Motion, which seeks to seal (i) portions of Plaintiffs' brief (Docket Entry 221) (the "Expert Brief") opposing Defendants' motion to exclude Plaintiffs' expert Kathleen Grace (Docket Entry 212) (the "Expert Motion") and (ii) the entirety of the Carolina Services Report (Docket Entry 223-4), a sealed copy of which Plaintiffs filed with the Expert Brief.  (Docket Entry 222 at 1–2.) Consistent with this Court's Local Rules, Defendants filed a brief in support of the Sealing Motion (Docket Entry 228).  See M.D.N.C. LR 5.4(c) (requiring that party claiming confidentiality file brief in support of motion to seal by another party).

## DISCUSSION

### I. Relevant Standards

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  That "right of public access . . . derives from two independent sources:  the common law and the First Amendment." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "When presented with a request to seal judicial records," the Court

-2-

begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." Id. at 576 (internal quotation marks omitted). "Th[e common-law] presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). The relevant factors include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Under the more stringent first-amendment standard, the Court may seal material "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). "The burden of establishing that a particular document should be sealed rests on the party promoting the denial of access." United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003).

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." Virginia Dep't of State Police, 386 F.3d at 576. Next, "it must consider less drastic

-3-

alternatives to sealing." Id. Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id. Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." Id.

The legal framework described above applies to requests by a party to file a redacted document, i.e., a document sealed in part. See Moussaoui, 65 F. App'x at 889 ("As to those documents subject to a right of access, [the court] must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Bethesda Softworks, LLC v. Interplay Ent. Corp., Civ. Action No. 09-2357, 2010 WL 3781660, at *9-10 (D. Md. Sept. 23, 2010) (unpublished) (treating motion to redact transcript as motion to seal). "The interest of the public in the flow of information is protected by [the Court's] exercis[e of] independent judgment concerning redactions." Moussaoui, 65 F. App'x at 888 (citing United States v. Pelton, 696 F. Supp. 156, 159 n. 2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary")).

## II. Analysis

Defendants have asserted that the common-law right of access applies to documents filed in connection with the Expert Motion, to include the Expert Brief and the Carolina Services Report. (Docket

-4-

Entry 228 at 2-3 (citing Lord Corp. v. S & B Tech. Prods., Inc., No. 5:09-CV-205, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012) (unpublished) (applying common-law standard to motion in limine)).) According to Defendants, they have satisfied that standard because the Carolina Services Report and parts of the Expert Brief reveal "sensitive business information" (id. at 2) about one Defendant's "pricing methodology" (id. (explaining that such materials consist of "charts, graphs, and textual descriptions of [one Defendant's] overall pricing strategy and the various inputs that go into that strategy, including models for delivering services to customers; year-by-year trends in the volume of services provided; revenues generated from different types of services; and overall effective rates and profitability")). Defendants have identified "no less drastic alternative to sealing" (id. at 4) and have argued that "more limited sealing would not adequately protect [their] interests" (id.).

All parties and the public have possessed access to the Sealing Motion since June 2, 2021. (See Docket Entry 222.) No party or member of the public has filed anything in the intervening time period. (See Docket Entries dated June 2, 2021, to present.) Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge the request," Virginia Dep't of State Police, 386 F.3d at 576. Nevertheless, for the reasons explained below, the Court declines to grant most of the relief requested via the Sealing Motion.

-5-

First, by means of the Sealing Order, the Court previously authorized the parties to file a redacted version of the Carolina Services Report.  (Docket Entry 199 at 16-18 (deeming interest in protecting sensitive business information sufficient to justify redactions under common-law standard).)  For the reasons already stated (id.), the previously redacted pages of that document should remain under seal.

Second, regarding the proposed redactions on page 18 of the Expert Brief (which consist of three partial lines of text in a footnote (Docket Entry 221 at 18 n.3)), the Court notes that the material derives from one of the previously redacted pages of the Carolina Services Report (Docket Entry 223-4 at 9).  For that reason, consistent with the Sealing Order (Docket Entry 199 at 16-18), such material should remain redacted in the Expert Brief.

However, in a departure from their approach to the Old Sealing Motions (see Docket Entry 183 at 2), Defendants have asked that the Court seal the entire Carolina Services Report (Docket Entry 228 at 2).  Regardless of whether the instant request could pass muster under the common-law standard, no party has acknowledged that the relevant portions of the Carolina Services Report (i.e., the previously unredacted pages) have remained on the public docket since at least October 27, 2020, when Defendants filed a redacted version of that document (Docket Entry 183-3) in connection with the Old Sealing Motions.  Under those circumstances, Defendants have not shown that their confidentiality interests "heavily outweigh the public interests in access," Rushford, 846 F.2d at

253. See In re Knight Publ'g Co., 743 F.2d at 235 (explaining that "whether the public has already had access to the information contained in the records" constitutes one factor under common-law analysis). Accordingly, the Court will deny the request to maintain the entire Carolina Services Report under seal. See, e.g., Morris Hatchery, Inc. v. Interlink Grp. Corp. USA, Inc., No. 10-24480-CIV, 2012 WL 13012495, at *2-3 (S.D. Fla. Apr. 16, 2012) (unpublished) (denying request to seal depositions and filings "quoting those depositions," which allegedly revealed trade secrets, where the requesting party failed to explain, inter alia, "why the entire depositions were filed in the public record" or "why nearly two months passed before [the party] asked the [c]ourt to go back and seal those public filings").

Finally, as concerns the remaining proposed redaction in the Expert Brief (two partial lines of text on page 13), the Carolina Services Report does not contain that information, despite Defendants' contrary argument (Docket Entry 228 at 1). (Compare Docket Entry 223 at 13, with Docket Entry 223-4 at 1–16.) Moreover, that same material appears multiple times in another publicly filed attachment to the Expert Brief. (See Docket Entry 221-1 at 7, 20 n.72.) As with the previously unredacted pages of the Carolina Services Report, Defendants have failed to carry their burden to show why such material warrants redaction after more than two months of public disclosure. See, e.g., Morris Hatchery, Inc., 2012 WL 13012495, at *2-3.

-7-

## CONCLUSION

To the extent Defendants have sought to maintain under seal certain portions of the Carolina Services Report, the Court grants that request as previously stated in the Sealing Order. That justification extends to the part of the Expert Brief excerpting material from one of the redacted pages of the Carolina Services Report. However, other parts of the Carolina Services Report remained on the public docket for months before Plaintiffs filed the Sealing Motion, and Defendants have failed to justify a broader seal given that prior disclosure. For the same reason, Plaintiffs may not redact from the Expert Brief material that appears elsewhere on the public docket.

**IT IS THEREFORE ORDERED** that the request to seal the Carolina Services Report (Docket Entry 223-4) is **GRANTED IN PART AND DENIED IN PART**, such that Plaintiffs must refile, as a corrected version of Docket Entry 221-4, a publicly available, redacted document consistent with Defendants' previous redactions (Docket Entry 183-3), Plaintiffs' previous redactions (Docket Entry 205-3), and the Sealing Order's conclusions (Docket Entry 199).

**IT IS FURTHER ORDERED** that the request to redact Plaintiffs' Expert Brief (Docket Entry 221) is **GRANTED IN PART AND DENIED IN PART**, such that Plaintiffs must refile, as a corrected version of

Docket Entry 221, a publicly available, redacted document consistent with this Order's conclusions.

<pre>
                                /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                          **United States Magistrate Judge**
</pre>

August 26, 2021

-9-

Case 1:19-cv-00141-WO-LPA   Document 236   Filed 08/26/21   Page 9 of 9