IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MR. DEE'S INC., RETAIL )
MARKETING SERVICES, INC., and )
CONNECTICUT FOOD ASSOCIATION, )
)
      Plaintiffs, )
)
  v. )      1:19CV141
)
INMAR, INC., CAROLINA )
MANUFACTURER's SERVICES, INC., )
CAROLINA SERVICES, and )
CAROLINA COUPON CLEARING, INC., )
)
      Defendants. )

## ORDER

Before this court is a Motion for Class Certification and Appointment of Class Counsel, (Doc. 254), filed by Plaintiffs Mr. Dee's Inc., Retail Marketing Services, Inc., and Connecticut Food Association. Defendants Inmar, Inc., Carolina Manufacturer's Services, Inc., Carolina Services, and Carolina Coupon Clearing, Inc. oppose certification. (Doc. 260.) For the following reasons, this court will deny Plaintiffs' Motion without prejudice.

## I. BACKGROUND

Many of the relevant facts are set forth in this court's March 18, 2022 Memorandum Opinion and Order. (See generally Doc. 271.)[1] Additional facts will be addressed as necessary.

This is a putative class action in which the named Plaintiffs allege Defendants "conspired to allocate customers and markets and to fix prices" in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. (Third Am. Compl. – Class Action ("Third Am. Compl.") (Doc. 145) ¶¶ 1, 8.) Section 1 of the Sherman Act prohibits "[e]very contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1.

Plaintiffs seek certification of two classes:

> (1) a class of manufacturers that directly paid observably higher CCC or IOS shipping fees during the class period (April 11, 2001 through March 28, 2007), identified [at Doc. 257-25 at 21–120]; and (2) a class of retailers that directly paid observably higher CCC or IOS shipping fees during the class period, identified [at Doc. 257-25 at 122–130].

(Pls.' Mot. for Class Certification & Appointment of Class Counsel ("Mot.") (Doc. 254) at 1–2.) Plaintiffs filed a brief in support of their motion. (Pls.' Br. in Supp. of their Mot. for

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-2-

Class Certification & Appointment of Class Counsel ("Pls.' Br.") (Doc. 255).) Defendants responded, (Mem. in Opp'n to Pls.' Mot. for Class Certification ("Defs.' Resp.") (Doc. 260)), and Plaintiffs replied, (Pls.' Reply Br. in Supp. of their Mot. for Class Certification & Appointment of Class Counsel ("Pls.' Reply") (Doc. 262)).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 23(a), Plaintiffs may sue as a class only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

A class must also satisfy at least one of the provisions of Rule 23(b). See Fed. R. Civ. P. 23(b). Here, Plaintiffs seek certification under subsection 23(b)(3). (See Mot. (Doc. 254) at 2.) That subsection permits class certification if (1) "questions of law or fact common to class members predominate over any questions affecting only individual members, and" (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

-3-

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)). To certify a class, Plaintiffs "must affirmatively demonstrate [their] compliance with [Federal Rule of Civil Procedure 23]." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). "Rule 23 does not set forth a mere pleading standard." Id. Plaintiffs "must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Id. In analyzing a motion for class certification, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Comcast, 569 U.S. at 33 (internal quotation marks omitted) (quoting Wal-Mart Stores, 564 U.S. at 350).

Certification is only proper if the court, after conducting "a rigorous analysis," is satisfied the prerequisites of Rule 23 have been met. See Wal-Mart Stores, 564 U.S. at 350–51. However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage," and "the merits of a claim may be considered only when 'relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'" Brown v. Nucor Corp., 785 F.3d 895, 903 (4th Cir.

-4-

2015) (quoting Amgen Inc. v. Connect. Ret. Plans & Trust Funds, 568 U.S. 455, 466 (2013)). "[P]laintiffs bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements and the district court is required to make findings on whether the plaintiffs carried their burden." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) (internal quotation marks omitted) (quoting Gariety v. Grant Thornton, LLP, 368 F.3d 356, 370 (4th Cir. 2004)).

### III. **ANALYSIS**

Defendants argue the motion for class certification should be denied because Plaintiffs improperly seek certification of fail-safe classes. (Defs.' Resp. (Doc. 260) at 20–23.) A fail-safe class "is defined so that whether a person qualifies as a member [of the class] depends on whether the person has a valid claim." EQT Prod. Co. v. Adair, 764 F.3d 347, 360 n.9 (4th Cir. 2014) (quoting Messner v. Northshore Univ. HealthSys., 669 F.3d 802, 825 (7th Cir. 2012)); see also Orduno v. Pietrzak, 932 F.3d 710, 716 (8th Cir. 2019). "Although the Supreme Court has not addressed the fail-safe question, nearly every circuit court of appeals to address the question considers fail-safe classes improper." Bigelow v. Syneos Health, LLC, No. 5:20-CV-28-D, 2020 WL 5078770, at *4 (E.D.N.C. Aug. 27, 2020) (collecting cases).

-5-

Fail-safe classes are improper for two reasons. First, they "fail to provide the resolution of the claims of <u>all</u> class members that is envisioned in class action litigation." <u>Young v. Nationwide Mut. Ins. Co.</u>, 693 F.3d 532, 538 (6th Cir. 2012); <u>see also</u> <u>Messner</u>, 669 F.3d at 825 (recognizing in a fail-safe class, "a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment"). Second, fail-safe classes do not comply with Rule 23's requirement that members of a proposed class be readily identifiable, a principle "called 'ascertainability.'" <u>See</u> <u>Krakauer v. Dish Network, L.L.C.</u>, 925 F.3d 643, 654–55 (4th Cir. 2019) (quoting <u>EQT Prod.</u>, 764 F.3d at 358). "[C]lass litigation should not move forward when a court cannot identify class members without 'extensive and individualized fact-finding or mini-trials.'" <u>Id.</u> at 658 (quoting <u>EQT Prod.</u>, 764 F.3d at 358). "Because a fail-safe class requires a court to inquire into the merits of the underlying case to identify the members of the class, fail-safe class definitions violate these principles." <u>Bigelow</u>, 2020 WL 5078770, at *4.

Plaintiffs seek to certify two classes:

> (1) a class of manufacturers that directly paid observably higher CCC or IOS shipping fees during the class period (April 11, 2001 through March 28, 2007), identified [at Doc. 257-25 at 21–120]; and (2) a class of retailers that directly paid observably higher CCC

-6-

> or IOS shipping fees during the class period, identified [at Doc. 257-25 at 122–130].

(Pls.' Mot. (Doc. 254) at 1–2.) This court finds these classes are impermissible fail-safe classes because class membership is conditioned on having suffered antitrust injury or impact in the form of increased shipping fees. One of the elements of a Sherman Act § 1 claim is antitrust injury. See Windham v. Am. Brands, Inc., 565 F.2d 59, 65 (4th Cir. 1977). In this case, manufacturers or retailers can only be in the proposed classes if they paid observably higher shipping fees—the alleged unlawful impact or purpose of the antitrust conspiracy. (See Third Am. Compl. (Doc. 145) ¶ 54.) Because the classes are "defined so that whether a person qualifies as a member [of the class] depends on whether the person has a valid claim," EQT Prod., 764 F.3d at 360 n.9 (quoting Messner, 669 F.3d at 825), they are fail-safe classes, Bigelow, at *5.

Plaintiffs argue membership in the proposed classes "does not require resolution on the merits and identified class members remain in the class regardless of the merits outcome." (Pls.' Reply (Doc. 262) at 6.) Although it is true Plaintiffs have "specifically identif[ied] each class member," (id.), a member does not remain in the class regardless of the merits outcome because if Plaintiffs fail to prove a member paid observably higher fees to Defendants, that member can no longer

-7-

be a class member because they do not fit in the class definition. For example, if Plaintiffs fail to prove a particular retailer in the proposed retailer class did in fact pay observably higher shipping fees, then Defendants are entitled to judgment in their favor with respect to that retailer because Plaintiffs failed to prove that retailer suffered antitrust impact or injury. But this court could not enter judgment against that retailer because that retailer would no longer fit the class definition. See Bigelow, 2020 WL 5078770, at *5.

Additionally, determination of which retailers and manufacturers paid observably higher fees is not straightforward. Indeed, the parties dispute whether Plaintiffs' expert's analysis can reliably show antitrust impact. (Compare Defs.' Resp. (Doc. 260) at 25-27, with Pls.' Reply (Doc. 262) at 9-12, 14-17.) As a result of these competing arguments, adopting Plaintiffs' class definition requires a preliminary determination that higher fees constitute an injury that will be remedied by a successful verdict in favor of Plaintiffs. Whether higher fees constitute economic loss, and whether that economic loss is proximately caused by unlawful antitrust conduct, are issues to be determined at trial, not at the class certification stage.

For these reasons, this court finds Plaintiffs' fail-safe classes are based on legal conclusions and impermissibly constitute "class[es] that cannot be defined until the case is resolved on the merits." Young, 693 F.3d at 538. Therefore, this court will deny Plaintiffs' Motion. However, courts recognize the problem with fail-safe classes "often should be solved by refining the class definition rather than by flatly denying class certification on that basis." Messner, 669 F.3d at 825; accord Melton ex rel. Dutton v. Carolina Power & Light Co., 283 F.R.D. 280, 289 (D.S.C. 2012); Bryant v. King's Creek Plantation, L.L.C., Civil No. 4:20-cv-00061, 2020 WL 6876292, at *4 (E.D. Va. June 22, 2020). Accordingly, Plaintiffs' Motion will be denied without prejudice.

Defendants have filed a Request for an Evidentiary Hearing on Plaintiffs' Motion for Class Certification. (See Doc. 272.) In light of this court dismissing without prejudice Plaintiffs' Motion for Class Certification, an evidentiary hearing is not appropriate at this juncture.

## IV.   CONCLUSION

For the foregoing reasons, this court will deny without prejudice Plaintiffs' Motion for Class Certification, (Doc. 254).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Class Certification, (Doc. 254), is **DENIED** without prejudice.

This the 27th day of April, 2022.

                                  /s/ William L. Osteen, Jr.
                                    United States District Judge